# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Carolyn E. O'Connor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   20-480 (UNA) |
| | ) | |
| | ) | |
| S.O.M.E. *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff resides at a shelter in Washington, D.C.  She has sued a non-profit organization in the District, "complaining of discrimination, personal injury and monetary loss, due primarily to negligence and intentional acts . . . with regard to Plaintiff's complaints" about her living environment.  Compl. at 1.  Plaintiff alleges that as "a Caucasian, aged female," she is "an extreme minority" who "is being harassed [and bullied] by the Black-American tenants" and "by management" in the building where she lives.  *Id*.  She raises concerns about, *inter alia*, sharing

"common kitchen and bathroom facilities with HIV+ virus infected persons," which allegedly "is estimated' to be "at least 90% of the tenants[.]" *Id*. Plaintiff alleges that defendants have ignored her complaints. She seeks $200 million in compensatory damages and $200 million in punitive damages. Compl. at 3.

Plaintiff has neither identified the basis of federal jurisdiction nor alleged sufficient facts to state a federal claim against the private defendants. In addition, the complaint does not allege any facts about the parties' citizenship to consider diversity jurisdiction. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (it is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed"). Therefore, this case will be dismissed.[1] A separate order of dismissal accompanies this Memorandum Opinion.

_____
s/
AMY BERMAN JACKSON
United States District Judge

Date: April 7, 2020

---

[1] Plaintiff's recourse may lie, if at all, in the District of Columbia courts under D.C. law.